GRAHAM W. DEAN v. CAROLINA COACH COMPANY, INC.

No. 59

(Filed 6 June 1975)

1. Evidence § 50— hypothetical question — facts which must be included

As a general rule, a hypothetical question which omits any reference to a fact which goes to the essence of the case and therefore presents a state of facts so incomplete that an opinion based on it would be obviously unreliable is improper, and the expert witness's answer will be excluded; however, there is substantial authority to the effect that the interrogator may form his hypothetical question on any theory which can be deduced from the evidence and select as a predicate therefor such facts as the evidence reasonably tends to prove.

2. Evidence § 50— hypothetical question as to possible cause of injury — sufficiency of facts included in question

In a personal injury action growing out of a collision between plaintiff's car and defendant's bus, a hypothetical question asked by plaintiff of an expert medical witness as to whether the accident could or might have aggravated plaintiff's preexisting hernia condition, though not presenting a complete factual background, did contain sufficient facts to allow the witness to express an intelligent and safe opinion.

3. Evidence § 50— expert opinion — basis

An expert witness may base his opinion upon facts within his own knowledge or upon the hypothesis of the finding of certain facts, recited in the question; however, an expert is not competent to testify as to a causal relation which rests upon mere speculation or possibility.

4. Evidence § 50— hypothetical question — nonresponsive answer — improper basis for answer

The trial court in a personal injury action erred in denying defense counsel's motion to strike an expert witness's answer to a hypothetical question as to whether an accident could or might have aggravated plaintiff's preexisting hernia condition where the witness's unresponsive, unequivocal statement that an aggravated assault caused plaintiff's difficulty and that plaintiff's symptoms were brought about by an automobile accident was not within the plaintiff's personal knowledge, that information was not contained in the patient's medical history, nor did the answer rest upon the hypothesized facts recited in the hypothetical question.

ON certiorari to review the decision of the Court of Appeals, 23 N.C. App. 470, 209 S.E. 2d 413, finding error in the trial before McKinnon, J., 18 February 1974 Session of WAKE County Superior Court.

By this civil action, plaintiff seeks damages for personal injuries growing out of a collision on 13 May 1971 between plaintiff's automobile and defendant's bus.

Plaintiff's evidence, pertinent to decision, may be summarized as follows:

Dr. D. N. Whitaker testified that he saw plaintiff on 14 May 1971, and at that time plaintiff was complaining of pain in his neck, his right shoulder, and his clavicle area as a result of an automobile accident on the preceding day. X-rays revealed no fractures. He saw Mr. Dean on 18 May, and the patient continued to complain of pain in his neck, ankle, and shoulder. The patient returned for treatment on 22 and 29 May; on 5, 12, and 26 June; 20 September; and 15 October. Dr. Whitaker testified that prior to 14 May plaintiff had undergone a kidney stone operation and a hernia repair. The first time plaintiff complained of pain in the hernia area after the accident was on 26 June 1971. However, on 15 April, prior to the wreck, plaintiff had complained of pain in that area. Dr. Whitaker stated: "Yes, he was complaining of pain in the hernia area some 30 days before the accident and I found that his hernia had returned."

Plaintiff testified that Dr. Whitaker treated him after the accident, and on 18 May 1971 Dr. Whitaker prescribed a corset or support as a result of his complaint relative to pains in his side. He averred that he did not have sufficient pain in the side to require a support prior to the accident.

Although the record does not so disclose, the parties in their respective briefs indicate that the testimony of Dr. Alexander Webb, stipulated to be an expert in the field of general surgery, was taken by deposition. Dr. Webb testified that on 9 July 1971 he did a combined repair of a right flank hernia and a repair of an inguinal hernia on plaintiff. During Dr. Webb's direct examination plaintiff's counsel asked him the following hypothetical question:

. . . If the jury should find from the evidence that is the competent evidence, and by its greater weight that on May 13th, 1971, plaintiff Graham W. Dean was employed as a bus operator for defendant Carolina Coach Company and that at said time was able to operate the bus without any pain or difficulty; that prior to May 13th, 1971, he on June 18, 1970, underwent surgery for removal of kidney stones and thereafter in February, 1971, another surgical proce-

Dean v. Coach Co.

dure for the repair of a hernia; that he was certified as being able to return to work by Dr. Donald Whitaker on March 31st, 1971, and that he was involved in this accident on May 13th, 1971, and at that time was complaining of no pain and immediately after the accident he had pain in his right ankle, right clavicle area, cervical neck strain and pain in the abdomen in the area of the post-operative area, if the jury should find these facts to be true, do you have an opinion based upon reasonable medical certainty as to whether or not the accident of May 13, 1971, could or might have aggravated the pre-existing condition, that is the pre-existing surgical procedures, could or might have aggravated that condition and resulted in the necessary treatment that you gave him?

After stating that he did have an opinion, Dr. Webb, over defendant's objection, testified: *"I think that a man can go along for years with an inguinal hernia and even a right muscle splitting hernia without difficulty until he has some aggravated assault to it, and that is what happened here.* [Emphasis added.] Now the one thing we don't have on Jack is we don't have any X-rays of his cervical spine." He further stated that defendant was disabled and out of work for three months after the operation. Defendant's motion to strike Dr. Webb's answer was denied.

Plaintiff's wife testified that after the accident plaintiff complained of pain in his side and that he did not wear a support until after the accident.

Plaintiff offered other evidence tending to show that the negligence of defendant's agent was the proximate cause of his injuries and the resulting damages.

The jury answered the issue of negligence in favor of plaintiff and awarded him damages in the amount of $19,046.95. Defendant appealed, and the Court of Appeals ordered a new trial on the issue of damages. We allowed *certiorari* on 30 December 1974, pursuant to G.S. 7A-31(c).

*Teague, Johnson, Patterson, Dilthey and Clay, by I. Edward Johnson and Grady S. Patterson, Jr., for plaintiff appellant.*

*Smith, Anderson, Blount and Mitchell, by James D. Blount, Jr.; Samuel G. Thompson; and Michael E. Weddington, for defendant appellee.*

BRANCH, Justice.

Defendant assigns as error the ruling of Judge McKinnon in allowing Dr. Alexander Webb to express his expert opinion in answer to a hypothetical question, which defendant contends was defective by reason of being factually incomplete. By this assignment of error and its Exception No. 7, defendant also argued in the Court of Appeals that the Court's failure to strike the unresponsive answer was error.

The Court of Appeals quoted and based its decision on the following rule found in 1 D. Stansbury, North Carolina Evidence § 137 at 452 (Brandis Rev.):

> . . . In framing a hypothetical question the following cautions should be observed:
>
> \*      \*      \*
>
> 2. Include all of the material facts which will be necessary to enable the witness to form a satisfactory opinion. Although it is not necessary to incorporate *all* [original emphasis] of the facts, the trial judge may properly exclude the witness's answer if the question *presents a picture so incomplete that an opinion based upon it would obviously be unreliable.* [Emphasis supplied, footnotes omitted.]

[1] As a general rule, a hypothetical question which omits any reference to a fact which goes to the essence of the case and therefore presents a state of facts so incomplete that an opinion based on it would be obviously unreliable is improper, and the expert witness's answer will be excluded. *Todd v. Watts*, 269 N.C. 417, 152 S.E. 2d 448; *Schafer v. Railroad*, 266 N.C. 285, 145 S.E. 2d 887; *State v. Thompson*, 153 N.C. 618, 69 S.E. 254; *Steiger v. Massachusetts Cas. Ins. Co.*, 273 So. 2d 4 (Fla. App.); *Smith v. Twin City Motor Bus Co.*, 228 Minn. 14, 36 N.W. 2d 22. However, there is substantial authority to the effect that the interrogator may form his hypothetical question on any theory which can be deduced from the evidence and select as a predicate therefor such facts as the evidence reasonably tends to prove. 31 Am. Jur. 2d *Expert and Opinion Evidence* § 56 at 562; *Pigford v. R. R.*, 160 N.C. 93, 75 S.E. 860.

In *Pigford,* the plaintiff, an employee of the defendant, stated that he was instructed by his supervisor to load a gondola car with iron rails. He told the supervisor that he had only three men and a boy working with him, and he did not think

that he had enough help to load the rails. The supervisor told him to do the best he could. In the process of loading, he felt something "tear loose" when a rail turned over on him. The evidence further tended to show that the plaintiff suffered a serious hernia as a result of the injury.

The record discloses that during the presentation of the plaintiff's case, an expert medical witness was asked the following hypothetical question:

> If the jury should find it a fact that he was engaged in loading a car 7½ feet from the ground with 660 pound rails, with a force of three men and a boy, and in pushing the rail up on the car, or in assisting to push it he felt pain in the region of the stomach from which a hernia was subsequently observed by you, state in your opinion what would have caused the appearance of the hernia. I am asking for your professional opinion as to whether the hernia could have been the result of such an act on his part?

The defendant contended that the above-quoted question was erroneous because the evidence tended to show that the plaintiff was using slides which he had prepared himself and that five men were engaged in the work instead of three, as set forth in the question. This Court rejected this contention, and, although conceding that the question was "not as full as it might have been," held that it combined "substantially all the facts" so that the question was "substantially explicit for [the expert] to give an intelligent and safe opinion." *See also State v. Dilliard,* 223 N.C. 446, 27 S.E. 2d 85.

The rule relied upon by the Court of Appeals has been considered and somewhat modified by a line of cases represented by *State v. Stewart,* 156 N.C. 636, 72 S.E. 193. There the defendant, who was charged with murder, objected to a hypothetical question posed as to the cause of death of the victim of the homicide because one fact as to which there was evidence was not incorporated into the question. In rejecting defendant's contention, the Court, *inter alia,* quoted *State v. Holly,* 155 N.C. 485, 71 S.E. 450:

> "It is not necessary in the statement of a hypothetical question that all the facts should be stated. Opinions may be asked for upon different combinations of facts on the examination in chief and on the cross-examination . . . . "

Dean v. Coach Co.

If the defendant thought the fact, which was omitted, would have elicited a different opinion from the witness, it was his right and duty to incorporate it in a question on cross-examination.

The statement in *Stewart* was amplified in *Godfrey v. Power Co.*, 190 N.C. 24, 128 S.E. 485, by the following language: "It was not incumbent on the plaintiff to include in his [hypothetical] questions all the evidence bearing upon the fact to be proved; the defendants had the right to present other phases of the evidence in counter-hypothetical questions. . . . " *Accord: Canney v. Travelers Ins. Co.*, 110 N.H. 304, 266 A. 2d 831.

A leading authority on evidence adopts a view consistent with decisions of this Court:

> . . . Some courts have required that all facts material to the question should be embraced in the hypothesis, but this viewpoint seems undesirable because it is likely to multiply disputes as to the sufficiency of the hypothesis, and may tend to cause counsel, out of abundance of caution, to propound questions so lengthy as to be wearisome and almost meaningless to the jury. The more expedient and more widely prevailing view is that there is no rule requiring that all material facts be included. The safeguards are that the adversary may on cross-examination supply omitted facts and ask the expert if his opinion would be modified by them, and further that the trial judge if he deems the original question unfair may in his discretion require that the hypothesis be reframed to supply an adequate basis for a helpful answer. [Footnotes omitted.]

E. Cleary (Gen. Ed.), McCormick's Handbook of the Law of Evidence § 14 at 33-34 (2d ed.). *See also* 31 Am. Jur. 2d *Expert and Opinion Evidence* § 57; Annotation, 56 A.L.R. 3d 300 § 7.

[2]   Here, all the evidence disclosed that, prior to the accident, plaintiff had undergone surgery for correction of a hernia. The hypothetical question posed by plaintiff's counsel did not seek Dr. Webb's opinion as to whether the accident *caused* the hernia but rather sought his opinion as to whether the accident "could or might have aggravated the preexisting condition, that is the preexisting surgical procedures, could or might have aggravated that condition and resulted in the necessary treatment that you gave him?" The testimony of Dr. Whitaker and plaintiff at trial

disclosed that the hernia returned and that plaintiff suffered some pain prior to the accident. In this connection plaintiff testified that the hernia "was bulging out a month before the accident, but there was no pain. I said there was not enough pain that I thought I should wear a support." He testified that he had never worn a support until after the accident. This testimony was entirely consistent with a theory that the accident could or might have aggravated the plaintiff's preexisting condition.

Defendant argues that it did not have the opportunity to cross-examine Dr. Webb concerning the omitted fact since the doctor's testimony was taken and offered by deposition. Be that as it may, at trial defense counsel had the opportunity to present other phases of the evidence through counter-hypothetical questions. Defense counsel had the opportunity to cross-examine plaintiff and Dr. Whitaker concerning plaintiff's preexisting condition. In fact, defense counsel did searchingly cross-examine these witnesses so as to make the jury fully cognizant of the reoccurrence of the hernia prior to the accident. Under these circumstances we cannot agree with the holding of the Court of Appeals that the hypothetical question presented a "picture so incomplete that an opinion based on it was misleading to the jury and obviously unreliable." Although the hypothetical question did not present a complete factual background, it did contain sufficient facts to allow Dr. Webb to express an intelligent and safe opinion as to whether the accident on 13 May 1971 aggravated plaintiff's preexisting condition.

We are thus brought to the answer elicited by the hypothetical question. Under this same assignment of error defendant argued in the Court of Appeals that Dr. Webb's answer to the hypothetical question was unresponsive and that he seriously prejudiced defendant's case by improperly answering the ultimate issue before the jury, i.e., what happened to plaintiff in the automobile accident on 13 May 1971. The Court of Appeals did not consider this contention, and defendant, the prevailing party in that Court, did not discuss it in his Supplemental Brief. Defendant did, however, specifically note that the Court of Appeals addressed itself to only one of its assignments of error and urged this Court to consider all assignments of error argued before the Court of Appeals. The hypothetical question and the answer to it are inextricably tied, and we consider it fair and proper to consider this portion of defendant's argument.

[3]   An expert witness may base his opinion upon facts within his own knowledge or upon the hypothesis of the finding of certain facts recited in the question. *Summerlin v. Railroad,* 133 N.C. 550, 45 S.E. 898; however, an expert is not competent to testify as to a causal relation which rests upon mere speculation or possibility. *Lockwood v. McCaskill,* 262 N.C. 663, 138 S.E. 2d 541.

[4]   Here the answer given by the expert was unresponsive, and defense counsel properly preserved his objection by objecting to the hypothetical question and immediately moving to strike the unresponsive answer. *See Highway Commission v. Black,* 239 N.C. 198, 79 S.E. 2d 778; *State v. Mays,* 225 N.C. 486, 35 S.E. 2d 494. Initially, we note that the hypothetical question asked for an opinion as to whether a condition could or might have been aggravated by the accident of 13 May 1971. The answer " . . . that a man can go along for years with an inguinal hernia . . . without difficulty until he has some aggravated assault to it, and that is what happened here," in effect, stated that an aggravated assault *caused* plaintiff's difficulty. The prejudicial effect of this answer was compounded when Dr. Webb on cross-examination again unresponsively stated, "We do know his acute symptoms were brought about by an automobile accident by his history." Again defendant's motion to strike the answer was denied. Immediately thereafter Dr. Webb on cross-examination admitted that there was no reference in his records as to when plaintiff's groin pains started and that there was no reference at all to an automobile accident in his notes. Examination of the hypothetical question discloses that there was no mention of an *automobile* accident.

The record reveals that Dr. Webb was well qualified to state that plaintiff had a hernia when he examined and treated him. However, his unresponsive, unequivocal statement as to causation was not within his personal knowledge; neither was it contained in the patient's medical history; nor did the answer rest upon the hypothesized facts recited in the hypothetical question. It is obvious that Dr. Webb had no factual basis for his statement to the effect that plaintiff's injury resulted from an aggravated assault. Clearly, the answer to the hypothetical question invaded the province of the jury and was, at best, based on conjecture and speculation. We therefore hold that the failure of the trial judge to allow defense counsel's motion to strike Dr.

Webb's answer to the hypothetical question was error prejudicial to defendant.

Modified and affirmed.