WILLIAM KELLY, EMPLOYEE-PLAINTIFF v. CAROLINA COMPONENTS, EMPLOY-
ER-DEFENDANT, SELF-INSURED

No. 8610IC1247

(Filed 2 June 1987)

1. **Master and Servant § 93.3— workers' compensation — expert testimony — form of hypothetical question**

    There was no merit to defendant's contention that a hypothetical question posed to a medical expert was improper because it did not include any reference to plaintiff's employment with another employer subsequent to plaintiff's employment with defendant but prior to the witness's treatment of plaintiff's back, though the question did not include a specific reference to plaintiff's subsequent employment, since it did cover or encompass the time span related to that employment and so contained sufficient elements of reliability so as to enable the witness to relate plaintiff's back problems to his injury which he suffered while working for defendant.

2. **Master and Servant § 55.1— workers' compensation — "specific traumatic incident" — immediate onset of pain not required**

    It is not required that the plaintiff in a workers' compensation case offer evidence of an immediate onset of pain in order to support a finding of a "specific traumatic incident"; however, in this case plaintiff did testify that he experienced pain and pressure at the time of the incident, and such testimony was sufficient to support the Commission's finding that plaintiff suffered an injury to his back arising out of and in the course of his employment with defendant which was the direct result of a specific traumatic incident.

APPEAL by defendant from the North Carolina Industrial Commission. Opinion and award entered 28 July 1986. Heard in the Court of Appeals 6 May 1987.

Plaintiff, employed by defendant as an exterior door assembly man, was attempting to move a door from an overhead rack on 2 January 1985 when he felt pressure and pain in his neck. The next morning plaintiff could not turn his head from side to side and he later began to experience stiffness in his back. Plaintiff eventually sought medical treatment and was diagnosed as having a possible herniated disc, later undergoing a lumbar laminectomy and discentomy.

Following the filing of plaintiff's claim for workers' compensation, a hearing before Deputy Commissioner Becton resulted in an award of compensation for temporary total disability and permanent partial disability of the back. Upon appeal, the Full Commission adopted and confirmed the opinion and award. Defendant then appealed to this Court.

*Jernigan & Maxfield, by Leonard T. Jernigan, Jr., for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Thomas E. Williams and John Brem Smith, for defendant-appellant.*

WELLS, Judge.

Defendant raises questions as to admission of evidence, findings of fact, and conclusions of law. We overrule all of defendant's arguments and affirm the Commissioner's award.

[1] In one argument, defendant contends that the Commission erred in failing to sustain defendant's objections to a hypothetical question asked of plaintiff's medical witness, Dr. David Fajgenbaum, who treated plaintiff for his herniated disc. The objected-to question was as follows:

> Q. Doctor, if the Industrial Commission should find by the greater weight of the evidence that in early January 1985 Mr. Kelly was on a ladder and was attempting to slide a 80 to 100 pound door off a shelf and in so doing had the weight of the door on his head, and that he had his left leg below his right leg on a ladder, that he felt the door was too heavy for him to handle but could not put the door back because he had pulled it out too far; that he twisted as he moved the door down the steps and that he felt pressure in the neck area; that the next morning he had stiffness in his neck and eventually had pain in his lower back which progressively got worse until March of 1985 when he sought medical attention for his back pain; and that he had had no back problems prior to January of 1985 and sustained no injury to his back between January and March of 1985 other than this ladder door incident. Based on that hypothetical, do you have an opinion satisfactory to yourself and to a reasonable degree of medical probability as to whether or not the herniated disc you've

diagnosed was proximately caused by Mr. Kelly's activities in removing the door in early January of 1985?

Defendant contends its objection should have been sustained because the question, as stated, did not include any reference to plaintiff's employment with another employer subsequent to plaintiff's employment with defendant but prior to Dr. Fajgenbaum's treatment of plaintiff's back. The evidence before the Commission showed that plaintiff was injured while working for defendant on 2 January 1985, was terminated by defendant on 7 March 1985, began employment with another employer soon thereafter, and sought medical advice and treatment from Dr. Fajgenbaum on 22 March 1985. Relying on the opinion of our Supreme Court in *Dean v. Coach Co.*, 287 N.C. 515, 215 S.E. 2d 89 (1975), defendant contends that the objected-to question omitted references to plaintiff's subsequent employment, a fact which goes to the essence of plaintiff's claim, and therefore presented a state of facts so incomplete that an opinion based on it would be obviously unreliable and therefore inadmissible. We disagree. While the question as stated to Dr. Fajgenbaum did not include a specific reference to plaintiff's subsequent employment, it did cover or encompass the time span related to that employment and so contained sufficient elements of reliability in that respect so as to enable Dr. Fajgenbaum to relate plaintiff's back problems to his injury in January. This argument is rejected.

[2] In another argument, defendant contends that the Commission erred in finding and concluding that plaintiff suffered an injury to his back arising out of and in the course of his employment with defendant that was the direct result of a specific traumatic incident of the work assigned. The applicable statute is N.C. Gen. Stat. § 97-2(6) (1983), which provides in pertinent part that:

'Injury and personal injury' shall mean only injury by accident arising out of and in the course of the employment, . . . . With respect to back injuries, however, where injury to the back arises out of and in the course of the employment and is the direct result of a specific traumatic incident of the work assigned, 'injury by accident' shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident.

In this respect, the Commission made the following pertinent findings of fact:

2. In January 1985 he was employed by the defendant-employer as an exterior door assembly man. During the first week following the plaintiff's return after the New Year Holiday, the plaintiff was attempting to get an exterior door down from the rack where it was stored some 18 to 20 feet from the ground. The plaintiff climbed a ladder, reached for the door, and placed it upon his head with his hands holding the sides. When he discovered that the door was heavier than he had anticipated, he tried to replace the door on the rack but could not do so. He then began to descend the ladder with the door balanced on his head. While climbing down the ladder, he felt pressure and pain in his neck as a result of the weight of the door balanced on his head.

When he reached ground level, he took a brief break but continued to work the remainder of the day.

3. The pain the plaintiff experienced in his back was the result of a specific traumatic incident of the work assigned.

4. The next morning the plaintiff noticed that he could not turn his head from side to side. From then on his condition began to deteriorate. His back began to bother him and he noticed that he had trouble straightening up from a bent position. He tried over the counter medications in an attempt to alleviate his discomfort.

Based on these findings, the Commission concluded that:

1. During the first week of January, 1985, the plaintiff sustained an injury to his back that arose out of and occurred in the course of his employment and was the direct result of a specific traumatic incident of the work assigned. G.S. 97-2(6).

Defendant appears to contend that the statute requires evidence of an *immediate* onset of pain in order to support a finding of a "specific traumatic incident" and contends that the evidence shows that plaintiff began to experience pain after the incident. While we decline to give the statute so narrow a construction, plaintiff clearly testified at one point that he experienced pain

and pressure at the time of the incident, and we therefore reject this argument. *Compare Bradley v. Sportswear, Inc.*, 77 N.C. App. 450, 335 S.E. 2d 52 (1985) (distinguishing gradual development of injury to specific incident).

Defendant next argues that if plaintiff had a specific traumatic incident, it did not arise out of work assigned. The evidence adduced at the hearing clearly was sufficient to support the Commission's finding in this respect and we therefore reject this argument as being without merit.

Defendant also contends that plaintiff was not entitled to compensation based on his 2 January injury because he did not become disabled until March, following a period of employment with a subsequent employer. The evidence at the hearing was that plaintiff had experienced no other injury to his back intervening between the 2 January injury and the onset of his disability, and that the 2 January injury caused his disability; nor was there any evidence that plaintiff's subsequent work or activities aggravated his injury. This argument is therefore rejected.

For the reasons given, the opinion and award of the Commission is

Affirmed.

Judges ARNOLD and ORR concur.