Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties in a Pretrial Agreement, at the hearing before the Deputy Commissioner, the following:
 STIPULATIONS
1. The parties are properly before the North Carolina Industrial Commission, and the Industrial Commission has jurisdiction of the parties and the subject matter of this action. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. The employer-employee relationship existed between defendant and plaintiff at all relevant times alleged herein.
3. Defendant was an approved self-insured with Sedgwick of the Carolinas acting as the administrator at all relevant times herein.
4. The date of alleged injury was 6 June 1997.
5. Plaintiffs average weekly wage as of 6 June 1997, was $311. 36 per week.
6. After 6 June 1997, plaintiff was paid disability benefits for 12 weeks pursuant to a plan fully funded by defendant. She received a total of $1,013. 57 in short-term disability benefits. Plaintiff also received an additional 12 weeks of disability benefits in the amount of $1,131. 43. Defendant paid one-half the premiums for the second period of benefits.
***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and based upon all of the competent evidence adduced at the hearing and from the record, makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a thirty-eight year old female and had completed high school with no further education. Prior to working for defendant, plaintiff worked in a fast food restaurant as a cashier, in a textile mill, and in a retail shop.
2. Plaintiff began working for defendant in August or September 1995, and was employed initially as a sweeper. In 1997 she began working as a warper tender trainee. On her employment application with defendant, plaintiff noted that she had had treatment for back pain during the previous five years.
3. Plaintiff experienced regular back pain during her menstrual cycle. On June 6, 1997, plaintiff began having back pain which she associated with her menstrual cycle. For this reason, plaintiff did not report the incident immediately to her supervisor. Later that day plaintiff told her supervisor her back was hurting because of her menstrual cycle and she was sent to the plant nurse who gave her pain medication.
4. On 10 June 1997, plaintiff presented to Dr. Emanuel Lopez. Dr. Lopezs examination revealed some muscle spasm in the lumbar spine. Dr. Lopez did not record a history of any activity resulting in plaintiffs back pain, but noted that because it had continued past plaintiffs regular period, he did not think it was related to her menstrual cycle. Dr. Lopez prescribed muscle relaxants and took plaintiff out of work for one week.
5. The week following 6 June 1997, plaintiff received a call from plant manager, Jimmy Brown. Plaintiff told Jimmy Brown that she had hurt her back at work and Dr. Lopez had told her she was suffering a low back strain. She also told him Dr. Lopez had taken her out of work.
6. Dr. Lopez saw plaintiff next approximately two weeks later. By that time, plaintiff was relating her back pain to a specific incident at work on 6 June 1997, when she was reaching for a bundle and felt a pull in her back. Plaintiff still complained of lower back pain, but the examination revealed a normal range of motion and an absence of abnormalities in the cervical spine. Plaintiff had some limited range of motion in the lumbar spine; however, her condition had improved. Dr. Lopez conducted a neurological exam and did not find any abnormalities in sensation, reflexes, or muscle weakness. He placed plaintiff in physical therapy and continued the medication.
7. Plaintiff was released to return to work on 9 July 1997 by Dr. Lopez. Plaintiff returned to work as a sweeper on 9 July 1997 and worked a full day. On 13 July 1997, she worked a half day. Plaintiff complained that the sweeping caused her lower back to hurt worse. She has not worked since 13 July 1997.
8. Plaintiff returned to Dr. Lopez following her physical therapy on 15 July 1997. Plaintiffs range had decreased, and she could barely bend without experiencing a muscle spasm in her lower back. Dr. Lopez kept plaintiff out of work for an additional 20 days and prescribed a return to physical therapy three times per week for two weeks. When plaintiff returned without improvement, Dr. Lopez referred her to a neurosurgeon, Dr. Robert Allen.
9. Dr. Allen was unable to find any problems in his examination of plaintiffs back. The x-rays showed good alignment, there were no findings on the neurological exam to suggest nerve root compression, and an MRI showed no disk herniation or spinal stenosis. Dr. Allen recommended a return to work with a weight restriction. When plaintiff returned to Dr. Lopez, his exam showed no tenderness in plaintiffs spine, yet she demonstrated a decrease in range of motion. Dr. Lopez agreed with Dr. Allen, and released plaintiff to return to work with a 20 pound lifting restriction.
10. On 27 October 1997, plaintiff had surgery to remove an ovarian cyst. Following her recovery from the surgery, plaintiffs back pain continued. For that reason, Dr. Lopez did not believe the cyst was related to plaintiffs pain.
11. Dr. Lopez stated that "its very unlikely that plaintiffs back problems were related to the 6 June 1997 work-related incident described by plaintiff. He was unable to state a likely cause for plaintiffs continuing pain. Dr. Lopez continued to see plaintiff through August 1998. At that time, plaintiff had experienced no improvement in her condition. Dr. Lopezs examination showed no tenderness, and her neurological exam was normal. Plaintiff still demonstrated a limited range of motion. Dr. Lopez gave plaintiff an 85% impairment rating to her back, based upon his own subjective analysis. Dr. Lopez did not use either the AMA Guidelines or the North Carolina Rating Guide to arrive at plaintiffs impairment rating.
12. Plaintiff has failed to prove by the greater weight of the evidence that her back problems are causally related to a specific traumatic incident of the work assigned.
13. Between 16 April and 23 April 1999, a labor market survey was conducted by vocational rehabilitation expert, Todd Murphy. Mr. Murphys report indicates that there are numerous jobs within plaintiffs restrictions, particularly in retail sales and cashier positions, which she is capable of obtaining upon extending a reasonable effort.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. To be eligible for compensation under the Act for a back injury, plaintiff must show (1) that he or she suffered an injury as a result of a specific traumatic incident of the work assigned; (2) that the injury arose in the course of the employment; and (3) that the injury arose out of the employment. N.C. Gen. Stat. 972(6).
2. Where the nature of the injury involves complicated medical questions, only an expert can give competent opinion evidence as to the cause of an injury. Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 265 S.E.2d 389 (1980). For the medical opinion testimony regarding causation to be sufficient, it must rise beyond mere speculation. Dean v. Coach Co., 287 N.C. 515,215 S.E.2d 89 (1975).
3. In this case, plaintiff has failed to show by expert medical testimony that her lower back condition is causally related to a specific traumatic incident of the work assigned arising out of or in the course of her employment. Accordingly, she is not eligible for compensation benefits under the Act. N.C. Gen. Stat. 97-2(6).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 ORDER
1. Under the North Carolina Workers Compensation Act, plaintiffs claim must be and is hereby DENIED.
2. The parties shall divide the costs of this action.
This the ___ day of June, 2000.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_______________ LAURA K. MAVRETIC COMMISSIONER
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER