Based on the competent evidence of record, I respectfully dissent from the majority opinion in this claim and recommend that benefits be denied.
The essential issue in this case is whether plaintiff sustained an injury on April 2, 1999. A review of the medical depositions, medical records, Industrial Commission filings, and hearing testimony, discloses that plaintiff failed to prove that he sustained an injury on April 2, 1999.
This case presents medical issues where the exact nature and probable genesis of the particular type of injury involves complicated medical questions far removed from the ordinary experience of laymen; therefore, competent expert opinion is necessary to properly evaluate the claim.See Young v. Hickory Business Furniture, 353 N.C. 227, 538 S.E.2d 912
(2000); Click v. Pilot Freight Carriers, Inc., 300 N.C. 164, 265 S.E.2d 389
(1980). In this case, the only expert medical opinion was presented by Robert B. McBride, Jr., M.D., plaintiff's treating orthopaedic surgeon, and his testimony does not support plaintiff's claim for an accidental injury.
Plaintiff was under the care of Dr. McBride for the spinal condition made the basis of this claim before the alleged April 2, 1999, injury. Plaintiff first saw Dr. McBride on May 26, 1998, when he was diagnosed with severe degenerative disc disease with left-sided sciatica. Dr. McBride again saw plaintiff on June 9, 1998. At that time Dr. McBride had received a 1997 MRI report which revealed a small central herniation of the disc at L4-5. Dr. McBride explained that the physical condition of plaintiff's spine was essentially unchanged from when he first saw plaintiff in 1998 until the he performed surgery on plaintiff's L4-5 and L5-S1 discs. Dr. McBride testified that the herniated disc and degenerative disc disease that were the site of the spinal surgery pre-dated the alleged April 2, 1999, injury. What had changed, causing Dr. McBride to recommend surgery, was the degree of pain that plaintiff was experiencing from his pre-existing spinal abnormalities.
Given this history, the Commission's review of the evidence should not end with Dr. McBride's January 20, 2000, letter to plaintiff's counsel. Rather, the Commission must determine whether Dr. McBride's opinion is competent and supported by the evidence. The record is undisputed that on January 20, 2000, Dr. McBride wrote a letter to plaintiff's counsel expressing the opinion that the incident on April 2, 1999, aggravated plaintiff's pre-existing degenerative disc disease to the point that plaintiff needed the surgery that was subsequently performed. This letter was written by Dr. McBride in response to a letter from plaintiff's counsel which failed to include other pertinent medical information concerning plaintiff, in particular that plaintiff had a constant exacerbation of his back pain before April 2, 1999. At the time that Dr. McBride wrote his letter, he also did not have the benefit of medical records from Dr. Caldwell, including Dr. Caldwell's chart note dated April 1, 1999. In addition, Dr. McBride was not aware that plaintiff was having pain in his back, leg and hip for at least a week prior to April 2, 1999. Dr. McBride's January 20, 2000, letter, is not competent evidence because he did not have all of the necessary information to evaluate the cause of plaintiff's problem when he wrote the letter. Dr. McBride's assumption, based on history reported by plaintiff, that he was essentially pain-free prior to April 2, 1999, is false and, therefore, his opinion as to causation based on this assumption is invalid and not competent.
At his deposition in this case, Dr. McBride explained that he was not aware that plaintiff had seen Dr. Caldwell on April 1, 1999, with complaints of back pain that radiated from the buttocks into the left knee. Dr. McBride also was not aware that plaintiff had been complaining of radiating pain for at least a week before April 2, 1999. Dr. McBride testified that the physical condition for which he performed surgery existed prior to April 2, 1999, and that he had expressed the opinion that plaintiff's condition was aggravated by his employment based on the history provided by plaintiff that he was problem free prior to April 2, 1999. Dr. Caldwell's office note and the testimony of plaintiff's co-workers negate the history upon which Dr. McBride based his January 20, 2000 opinion. With the new evidence, Dr. McBride indicated that his opinion concerning causation would change. Dr. McBride explained that plaintiff's physical condition had not changed from 1998 to 1999 except for the degree of pain and that the nature of plaintiff's condition is that the pain tends to progressively get worse, even without a subsequent injury. Dr. McBride testified that if plaintiff was having the same symptoms a week before April 2, 1999, then his opinion concerning causation (expressed in the January 20, 2000, letter) would not be correct.
In reviewing the evidence, whether by physician testimony or medical records, it is necessary to determine whether the evidence is based on fact. Evidence which is based on speculation or possibility is not competent. See Young v. Hickory Business Furniture, 353 N.C. 227,538 S.E.2d 912 (2000); Dean v. Carolina Coach Co., 287 N.C. 515,215 S.E.2d 389 (1980). Similarly, evidence which is based on false or incomplete facts is not competent when the actual facts would lead to a contrary conclusion. As applied to this case, the opinion of Dr. McBride that plaintiff's condition had changed on April 2, 1999, which is directly contradicted by the medical records of Dr. Caldwell and the testimony of plaintiff's co-workers, is not competent evidence. In this circumstance, the majority errs in finding that there is some evidence to support an injury and thereby entering an award for plaintiff without determining whether the evidence is competent. The portion of the record that supports the position that plaintiff sustained an injury by accident on April 2, 1999, is not competent evidence and thereby is not evidence which can support an Award. The Commission's duty is not merely to search the record for favorable statements that support one party or another. Rather, we must determine whether the evidence is competent before it is accepted and weighed against other competent evidence.
The undisputed, competent evidence in this case is that plaintiff had the spinal abnormalities made the basis of this claim long before April 2, 1999, and that the pain from this condition which generated the recommendation for surgery also pre-dated the alleged April 2, 1999, date of injury. Thus, the spinal condition and resulting surgery made the basis of this claim are not compensable because this injury did not arise out of plaintiff's employment on April 2, 1999. N.C.G.S. § 97-2(6).
For these reasons, I suggest that there is no legal evidence to support the proposition that plaintiff sustained the alleged injury on April 2, 1999. See Young v. Hickory Business Furniture, 353 N.C. 227,538 S.E.2d 912 (2000) (speculation and conjecture is not evidence); Seealso Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579,113 S.Ct. 2786 (1993) (court has duty to police the evidence to ensure that it is scientifically credible). Whether the evidence is legally competent is a question of law and thereby is subject to review by the Court of Appeals.
 S/______________ RENE C. RIGGSBEE COMMISSIONER