For the reasons stated in this opinion, I respectfully dissent from the majority opinion in this case.
Where the exact nature and probable genesis of a particular type of injury involves complicated medical questions removed from the ordinary experience of the layperson, only a qualified expert witness can give an opinion as to the nature and cause of the injury. Young v. HickoryBusiness Furniture, 300 N.C. 227, 538 S.E.2d 912 (2000); Click v. PilotFreight Carriers, Inc., 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980). The Commission must, however, first determine whether the proffered expert opinion is competent before the opinion can be weighed as evidence in the case. The testimony of a medical doctor is not "competent" merely because it is uttered by a licensed physician. Expert opinion that rests on speculation and conjecture, or on unproven facts, is not sufficiently reliable to qualify as competent evidence concerning the nature and cause of an injury or disease. Young v. Hickory Business Furniture, supra;Dean v. Carolina Coach Co., 287 N.C. 515. 522. 215 S.E.2d 89, 94 (1975);see also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579,113 S.Ct. 2786 (1993). I disagree with the majority opinion in this case, because the majority neglects to consider and find that the medical evidence offered to prove plaintiff's claim is not competent, and thus plaintiff's claim must fail.
First, competent evidence does not support the finding that plaintiff has fibromyalgia. Dr. Godwin, testifying consistently with the American College of Rheumatology recognition of the condition of fibromyalgia, stated that a valid diagnosis of fibromyalgia requires that at least eleven of the potential eighteen trigger points be found positive upon examination of the patient. Dr. Godwin further testified that she could only report 10 trigger point locations; therefore, by definition plaintiff has not met the requirements for the diagnosis of fibromyalgia. Although Dr. Godwin also opines that plaintiff probably has fibromyalgia, this testimony is at best conjecture or speculation because it does not meet accepted medical criteria for the diagnosis, and thus is not competent medical evidence. See Young v. Hickory BusinessFurniture, supra.
In addition, Dr. Godwin's testimony does not establish the increased risk element required for an occupational disease under Section 97-53(13). Dr. Young testified that she was not sure whether plaintiff's job placed her at an increased risk for fibromyalgia. Dr. Young did not review plaintiff's employment sufficiently to render an opinion, but, upon prodding by counsel did testify that plaintiff's job was probably more repetitive than one would expect at home, so she supposes that plaintiff's work would put her at a higher risk. If "suppose" (Dr. Godwin's word, not mine) is not a term of speculation, then what is? The American Heritage Dictionary of the English Language defines "suppose" as "[t]o assume (something) to be true or real for the sake of argument or explanation" or "[t]o make an assumption; to conjecture." Dr. Godwin's testimony concerning causation, viewed in its context, is clearly speculation and thereby is does not constitute competent evidence in support of plaintiff's claim. Young v. Hickory Business Furniture,supra; Dean v. Carolina Coach Co., 287 N.C. 515. 522. 215 S.E.2d 89, 94
(1975); see also Daubert v. Merrell Dow Pharmaceuticals, Inc.,509 U.S. 579, 113 S.Ct. 2786 (1993).
For similar reason, the testimony concerning the causation of plaintiff's carpal tunnel syndrome is not competent. First, I note that Dr. Doyle, the board certified orthopaedic surgeon deposed by plaintiff's counsel, testified:
 Q. . . . do you have an opinion as to whether or not that job and her inability to change or alter the tasks during the day placed her at an increased risk of developing carpal tunnel syndrome more than the general population would be exposed to?
MS. ROOT: Objection
THE WITNESS: No. I don't think so.
BY MR. RAMER:
Q. No you don't think —
 A. [Interrupting] No. I don't think she was exposed to anything that caused her to have carpal tunnel syndrome.
Q. And in your opinion, did her job duties —
 A. [Interrupting] Her job duties were varied enough. This is a woman who already put stress on her hand.
Q. Is that due to the smoking?
 A. Well, smoking is a stressful situation on a hand. Nicotine robs the hand of a great deal of its blood supply. It's very, very sensitive to it.
 And as I noted in my note, she was advised to stop smoking, first of all, to help her lose some of her symptoms, which, at least at my last note, she had not done.
 I see a lot of patients with carpal tunnel syndrome. All of them blame their work environment. Very few of them are.
 She had enough duties and enough time that her job gave her enough of a situation where it wasn't going to cause carpal tunnel.
 I think a cashiering job is probably not inducive to carpal tunnel syndrome.
Contrary to the findings in the majority opinion, Dr. Doyle, who is plaintiff's current treating physician, did not find that plaintiff's work placed her at an increased risk for developing carpal tunnel syndrome as compared to the general public not so employed.
The majority opinion relies on the testimony of Dr. Dement, the orthopaedic surgeon who performed the carpal tunnel release surgeries. His testimony, however, also does not meet the legal standard for an occupational disease under Section 97-53(13). On pages 19 and 20 of his deposition, Dr. Dement responding to plaintiff's attorney's question concerning causation, answered that he does not know because, although one would think there was an increased risk, "we don't have the scientific studies or the actual articles to show that." In contrast to the majority opinion's finding that Dr. Dement testified that the plaintiff's cashier position was a "significant contributing factor," Dr. Dement does not use the term "significant." Dr. Dement does testify that the plaintiff's work is a factor to be considered in determining whether there is an increased risk. Dr. Dement, however, further testified that his opinion on causation of carpal tunnel is not supported by the scientific literature:
 Q. And I think you indicated in direct testimony that the medical studies regarding causation of carpal tunnel syndrome are not clear and somewhat conflicting. Is that correct.
A. That's correct.
 Q. Okay. By that, do you mean that its [sic] not clear whether repetitive activity causes carpal tunnel syndrome? Is that thought to be more anecdotal than scientifically proven?
 A. Well, I think I mentioned that at least empirically in the office we have the sense that they're related but hadn't had the literature to back it up at times, and there are multifactorial components of repetitive-use injuries.
Although I will be among the first to admit that Dr. Dement's testimony on causation is not clear, he does not testify that plaintiff's employment was a "significant contributing factor" as found by the majority.
I view the function of the Commission to be broader than simply reviewing evidence presented by the parties. North Carolina jurisprudence has long held the proposition that "an expert is not competent to testify as to a causal relation which rests upon mere speculation or possibility." Young v. Hickory Business Furniture,353 N.C. 227, 538 S.E.2d 912 (2000), citing Dean v. Carolina Coach Co.,287 N.C. 515, 522, 215 S.E.2d 89, 94 (1975); Cummings v. BurroughsWellcome Co., 130 N.C. App. 88, 91, 502 S.E.2d 26, 29, disc. rev.denied, 349 N.C. 355, 517 S.E.2d 890 (1998); Ballenger v. Burris Indus.,66 N.C. App. 556, 567, 311 S.E.2d 881, 887, disc. rev. denied,310 N.C. 743, 315 S.E.2d 700 (1984). Consistent with this position, when examining the evidence in a workers' compensation claim, the Commission's review does not end with the bald statements made by physicians and other expert witnesses; rather, the Commission is entitled to, and must, determine whether the witnesses' opinion is based on sound, scientifically accepted fact or constitutes supposition, speculation, or possibility. Young v. Hickory Business Furniture, supra; see alsoDaubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579,113 S.Ct. 2786 (1993).
My dissent does not concern the weight of the credibility of the evidence. Rather, my complaint is that the evidence relied on by the majority is not legally competent. The issue of whether the testimony from the physicians in this case is legally competent evidence is a question of law and thereby is subject to review by the Court of Appeals. See Young v. Hickory Business Furniture, supra.
Signed this ___ day of January, 2002.
 S/______________ RENE C. RIGGSBEE COMMISSIONER