TOMS v. JONES.

(December 22, 1900.)

*Negotiable Instruments—Bills and Notes—Bona fide Purchasers—Evidence—Promissory Note.*

> The purchaser of a promissory note for valuable consideration before maturity, without any knowledge or actual notice of any defense to, or infirmity in the note, or of the nature of any existing equities among the signers and endorsers, may recover thereupon.

CIVIL ACTION by M. C. Toms against John Jones, M. S. Justus, James Jackson, J. B. Freeman, R. J. Brown, H. D. Justice, W. H. Stepp, H. Y. Gash, W. M. Justus, I. T. Laughter, B. B. Jackson, Jason Orr, W. B. Ledbetter, W. D. Miller, D. R. Myers, J. S. Rhodes, G. W. Butler, J. W. C. Blythe, R. G. Souther, E. R. Israel, C. J. Edney, Jay W. Freeman, P. S. Brittain, and G. M. Guice,

.heard by Judge *T. A. McNeill* and a jury, at Fall Term, 1899, of Henderson Superior Court. From judgment for the plaintiff, defendants appealed.

*Chas. F. Toms,* for the plaintiff.
*S. V. Pickens,* for the defendants.

Faircloth, C. J. This is an action to recover money on a promissory note. The note was payable to J. M. Waldrop, six months after date, and signed by R. J. Brown and four others, and indorsed by John Jones and twenty-four others, "Per W. H. Stepp (and four others) attorneys in fact." Before maturity, said note was assigned by the payee to the plaintiff, for value. The plaintiff introduced his note, and testified that he purchased it before maturity, for value, in the usual course of business, from the payee, without knowledge of any offset, counter-claim, or defense against the same. "The correctness of this statement was uncontradicted by the defendants at any time during the trial." The plaintiff also testified that he knew from general talk that there was a power of attorney, duly recorded, made by some of the indorsers, to the parties signing the note, and that the money he was lending was to be used for the Israel trust and winding up the Israel affairs, in which defendants, or some of them, were interested as trustees and otherwise. The plaintiff introduced the power of attorney referred to, which authorized the parties therein named to make said indorsements on the note as they appear. Said attorneys were also authorized in said power of attorney to execute a mortgage on the Israel property to whoever would lend them money to pay off and liquidate the judgment against them (the indorsers), and to indorse any bond or note which they may see proper to give in order to procure

127——30

the money, "by signing our names to, or upon, the said bond, ·or note," with full authority to do all and such acts as they may deem necessary to accomplish the purpose for which the power is given. The power of attorney was introduced without objection. The defendants proposed to introduce the said mortgage and said judgment for the purpose of showing a termination of the attorney's agency, and to show that said judgment was paid off before the note was given for the money. Objected to, and excluded by the Court. His Honor stated that, as the plaintiff purchased the note before maturity, without knowledge of any defense thereto, he would exclude the evidence, unless defendants introduced evidence connecting plaintiff with said mortgage, or that he had knowledge that said agency had been terminated, or that the money was not to be used for the purposes mentioned in said power of attorney. No such evidence was offered by the defendants. Other exceptions are similar to the above. The case is simply this: The plaintiff purchased the note for a valuable consideration, before maturity, without any knowledge, or actual notice, of any defense to, or infirmity in, the note, or of the nature of any existing equities among the signers and indorsers. It has been held so often, and by so many courts, that the assignee (plaintiff in this case) can recover, that we will simply refer to *Black v. Bird,* 2 N. C., 273; *Reddick v. Jones,* 28 N. C., 107. We find no error.

Affirmed.