CHARLES A. BROWN v. ATLANTIC COAST LINE RAILROAD
COMPANY.

(Filed 25 March, 1908).

1. **Assault—Damages—Limitations of Actions—Agreement Not to Plead Statute.**

   In an action to recover damages for an assault it is necessary for the plaintiff, in order to rebut the plea of the one-year statute of limitation [Revisal, sec. 397 (3)], forbearance on his part to sue, to show an agreement with defendant not to plead it, or some conduct on his part which would make it iniquitous for him to do so. Defendant's promise to investigate the charges and his unaccepted request not to sue at all, without any reference to the statute, are insufficient.

2. **Same—Writing—Quære.**

   As to whether a promise not to plead the statute of limitations [Revisal, sec. 397(3)] in an action to recover damages for an assault should be in writing, *quære.*

ACTION tried before *Jones, J.,* and a jury, at October Term, 1907, of CUMBERLAND.

Plaintiff appealed. The facts are stated in the opinion.

*Thomas H. Sutton* for plaintiff.
*Rose & Rose* for defendant.

CLARK, C. J. Action was begun 4 June, 1906, to recover damages for an assault committed 19 September, 1904. To rebut the plea of the statute of limitations [Revisal, sec. 397 (3)] the plaintiff relies upon evidence that the deceased attorney or claim agent of the defendant "orally requested plaintiff's attorney not to bring suit—that he would give the matter his special attention and try to adjust it in some way," * * * and that "the matter would be settled without suit being brought," and later, in the summer of 1905, "requested plaintiff's attorney not to bring suit—to leave the matter open still further, and said, 'We can adjust claim without suit.'" Four letters of defendant's attorney were put in evidence, but contained no request as above, but merely promised to investi-

gate the matter. His Honor being of opinion on this evidence that the statute of one year applied, the plaintiff took a nonsuit and appealed.

The oral declarations of the deceased agent were objected to by defendant, but were admitted by the court. *Sprague v. Bond,* 113 N. C., 551. But there is in them no such promise "not to plead the statute of limitations," either expressly or by such implication as should have been relied on by the plaintiff or have made it iniquitous for defendant now to plead that defense. There was no promise of plaintiff not to sue. There was simply a request of defendant not to sue, without any acceptance by plaintiff and without any promise by defendant to waive the statute as a consideration. It was no more than chaffering, and if plaintiff did not sue it was his own fault to refrain without an agreement to waive the statute. The courts cannot dispense with the statute upon such evidence.

In *Hill v. Hilliard,* 103 N. C., 34, the point is fully discussed by *Shepherd, J.,* who holds that, to waive the statute, there must be an "agreement, either express or implied, not to plead it." Here there is no agreement, which requires two parties, but merely a request not to sue and an expression of opinion that the matter would be adjusted. There was no time fixed and no sum mentioned, though the claim was for damages for a tort; no promise to pay, no acknowledgment of liability and no promise not to plead the statute, and no consideration offered for such promise. There was no agreement of any kind. *Hill v. Hilliard, supra,* was approved in *Cecil v. Henderson,* 121 N. C., 247. *Faircloth, C. J.,* who wrote that opinion, in the later case of *Raby v. Stuman,* 127 N. C., 464, said: "The defendant is not estopped to plead the statute, as his promise was not an agreement not to plead it, as it was in *Haymore v. Commissioners,* 85 N. C., 268." In this last there was an agreement that the case should abide the decision in another case, which was, of course, a promise not to plead the statute.

There may be cases, as is intimated in *Tomlinson v. Bennett,* 145 N. C., 279, where the conduct and promises of defendant, while not amounting to an express promise not to plead the statute, may be so calculated to throw the plaintiff off his guard as to make it iniquitous to plead the statute. But certainly not so here, where there is no acknowledgment of any liability, no sum or time indicated and no promise not to sue.

In 25 Cyc., 1339, it is said: "It is necessary, in order to arrest the running of the statute of limitations, that there be acknowledged the present existence of a debt or obligation, nor is it sufficient that the claim be acknowledged as just." In *Joyner v. Massey,* 97 N. C., 153, *Smith, C. J.,* was of the opinion that a promise not to plead the statute in consideration of refraining from suit must be in writing, since a promise not to use such plea against a debt is required to be in writing. Revisal, sec. 371. That statute provides that a new *or continuing* contract must be in writing and signed by the party to be charged, but the Court did not decide the point.

Affirmed.