TOWN OF FRANKLIN v. SAM L. FRANKS, H. W. CABE, W. C.
CUNNINGHAM AND W. L. HIGDON.

(Filed 12 July, 1933.)

1. **Limitation of Actions C a—**

Payment on a note by the maker does not deprive an endorser thereon
of the defense of the statute of limitations.

2. **Limitation of Actions C c—Former fiduciary relationship of endorser
held not to prevent him from pleading statute of limitations.**

A commissioner of a town endorsed a negotiable note made payable
to the town. The town brought suit thereon, but long before the com-
mencement of the action the endorser had ceased to be a commissioner:
*Held*, the fiduciary relationship formerly existing between the endorser
and the town does not prevent the endorser from pleading the statute of
limitations as a bar to a recovery against him.

3. **Limitation of Actions C d—Evidence held not to establish agreement
not to plead statute of limitations.**

Although a party may be estopped from pleading the statute of limita-
tions by an express agreement not to do so or by conduct rendering it
inequitable for him to do so, the evidence in this case is *held* insufficient
to establish as a matter of law an agreement by an endorser on the note
sued on not to plead the statute, and an instruction to answer the limita-
tion issue against the endorser is held for error.

CIVIL ACTION, before *Hill, Special Judge,* at November Term, 1932,
of MACON.

On 15 July, 1925, Sam L. Franks executed and delivered to the town
of Franklin his promissory note for the sum of $2,500. The note was
endorsed by the defendants, H. W. Cabe, W. C. Cunningham and W. L.
Higdon. The following entries appear on the back of the note, to wit:
"2 December, 1930, paid $675.00. Interest paid to 15 January, 1931."

This action was instituted on 20 May, 1932. Sam L. Franks, the
maker of the note, paid the interest and principal payment as aforesaid.
The note was due 15 July, 1927, and the defendant Higdon was a mem-
ber of the "town board at that time," but said defendant "went off the
board the last of May, 1929." The attorney for plaintiff town testified:
"About 2 December, 1930, we decided to collect the note and the whole
bunch, Mr. Cabe, Mr. Cunningham and Mr. Higdon, and we couldn't
decide on what was going to be done about Mr. Frank's note, and we
finally agreed as well as I remember it was agreed among the whole
bunch that if Sam L. Franks would make a payment on the note for a
substantial part of it that we would let him go for a while and would
not try to collect the rest of it. Mr. Higdon was not on the board at this

time." The evidence tended to show that the note was good at the time it was made. The attorney for the town further said that he "would not swear positively that W. L. Higdon said if Franks would pay $675.00 that he (Higdon) would stay on the note a certain length of time, but I will swear he said that he would remain liable if Mr. Franks would make a good payment." The town clerk said "that he notified all the sureties and the maker of the note, and Mr. Higdon said if Mr. Franks would pay up the interest on this note he was willing to sign it, and that there was no payment made after Mr. Higdon made the above statement."

The defendant, Higdon, pleaded the statute of limitations. The trial judge was of the opinion that it would not be equitable for the defendant to plead the three-year statute of limitations and instructed the jury to answer the limitation issue in the negative, and as the endorsement of the note was admitted, the judge further instructed the jury if they believed the evidence they would answer the issue of indebtedness $2,500 with interest.

From judgment upon the verdict the defendant Higdon appealed.

*No counsel for plaintiff.*
*R. D. Sisk for defendant, Higdon.*

BROGDEN, J. Payments made by the principal Franks did not deprive the endorser of the benefit of the defense of the bar of the statute of limitations. *Hauser v. Fayssoux,* 168 N. C., 1, 83 S. E., 692; *Barber v. Absher Co.,* 175 N. C., 602, 96 S. E., 43; McIntosh North Carolina Practice and Procedure, p. 127.

The theory of the plaintiff is that the defense of the bar of the statute of limitations was not available to the defendant for two reasons: First, that the defendant was a member of the board of aldermen or town commissioners at the time the note was executed and endorsed by him, and consequently it would be inequitable to plead the statute because he was occupying a fiduciary relationship toward the town. Second, that the defendant Higdon by virtue of an agreement, express or implied, had precluded the defense relied upon by him.

At the outset it must be noted that while Higdon was a member of the board of town commissioners at the time the note was executed that he "went off the board the last of May, 1929," and, therefore, was not a member of the board at the time the suit was brought in 1932. Consequently, any existing trust relationship with reference to the note had been terminated long before the institution of the action. The general rule is that a party may either by agreement or conduct estop himself

4—205

FRANKLIN *v.* FRANKS.

from pleading the statute of limitations as a defense to an obligation. McIntosh North Carolina Practice and Procedure, p. 122, section 130, summarizes the rule as follows: "To constitute such estoppel, there must be more than a mere delay or indulgence at the request of the debtor. There must be an express agreement not to plead the statute, or such conduct on the part of the debtor as would make it inequitable for him to do so." See *Lyon v. Lyon,* 43 N. C., 201; *Daniel v. Comrs.,* 74 N. C., 494; *Haymore v. Comrs.,* 85 N. C., 268; *Whitehurst v. Dey,* 90 N. C., 542; *Brown v. R. R.,* 147 N. C., 217, 60 S. E., 985.

In the *Dey case, supra,* it was intimated by the court that it would constitute a species of fraud for a person to actively request or cause a delay in asserting a cause of action and then plead the statute of limitations as a defense when the suit was brought. The court said: "No such fraudulent element is found in the facts of this transaction. The failure to sue was not in consequence of any request from the defendant, nor under any agreement making payment contingent or any undetermined future event, as an underlying condition requiring delay."

All the evidence tending to show an agreement, express or implied upon the part of Higdon not to plead the statute, is contained in three excerpts from the evidence, as follows: (a) Higdon said "that he would remain liable if Mr. Franks would make a good payment." (b) "The whole bunch agreed that if said L. Franks would make a payment on the note for a substantial part of it that we would let him go for a while and would not try to collect the rest of it." (c) Higdon said: "If Mr. Franks would pay up the interest on this note he was willing to sign it."

Mr. Higdon did not request a delay in bringing the action or lull the town to sleep by paliative and sedative promises of continued liability. The nearest approach to an agreement or request is found in the testimony that if Franks would pay "a substantial part" of the note "we would let him go for a while." It does not appear what the parties had in mind in using the expression "substantial part," nor does it appear what they had in mind by using the expression that they would let the maker "go for a while" and "would not try to collect the rest of it." These loose utterances and words of clouded meaning, are not sufficient in law to constitute an agreement, express or implied, to waive a valid defense to a negotiable instrument.

Reversed.